UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID KAUFMANN and MICHELLE          :
KAUFMANN,                                              :
             Plaintiffs,                        :
v.                                                              :          **ORDER**
                                                                :
PACIFIC EMPLOYERS INSURANCE         :          22 CV 4858 (VB)
COMPANY and CHUBB GROUP OF          :
INSURANCE COMPANIES,                      :
             Defendants.                    :
------------------------------------------------------------------x

       Before the Court is plaintiffs' motion pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action without prejudice.  (Doc. #21).  For the following reasons, the motion is GRANTED.

       On June 10, 2022, defendants removed this insurance coverage dispute from Supreme Court, Westchester County, on the basis of diversity of citizenship.  Defendants had not yet answered or appeared in state court at the time of removal.  Defendant Pacific Employers Insurance Company filed an answer on August 2, 2022.  The next day, defendant Chubb Group of Insurance Companies, represented by the same counsel, filed a motion to dismiss (based principally on the assertion that Chubb Group is not an actual entity and thus not capable of being sued).  On September 2, 2022, plaintiffs filed the instant motion, which defendants oppose. To date, no Rule 16 case management conference has been held, and no discovery has been conducted.

       Plaintiffs contend they intend to add non-diverse defendants to the action, who allegedly made representations to plaintiffs regarding the nature and scope of their insurance coverage, thus destroying complete diversity.  Rather than do so in this Court, plaintiffs wish to discontinue the action without prejudice and then re-file in state court with the newly added defendants. Defendants oppose the motion because it would "deprive" them of their "rightful" federal forum and require them to be involved in a lawsuit with other parties, which defendants assert would cause them undue prejudice.  (Doc. #27 at 4).

       Having considered whether defendants would suffer substantial prejudice, as well as the five factors relevant to determining whether a motion for voluntary dismissal should be granted, see Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990), the Court concludes dismissal without prejudice is warranted.

       First, plaintiffs' motion was brought with diligence, that is, without undue delay.  Indeed, this case is at a very early stage.  Plaintiffs filed their motion only one month after one defendant answered and the other moved to dismiss.  No case management conference has been held and no discovery has been conducted.  As a result, defendants did not incur significant or wasteful

expenses related to this litigation, nor did they rely on any reasonable expectation that plaintiff would pursue their claims in this Court.

Second, there has been no vexatiousness, let alone undue vexatiousness, on plaintiffs' part. The Court discerns no intent to harass or other ill-motive by plaintiffs in bringing this case or in moving to dismiss it. If the action is dismissed, it is true defendants would no longer be able to litigate in their chosen federal forum. But, of course, it was defendants who "deprived" plaintiffs of their chosen state forum by removing the case to this Court. Moreover, there is no federal question at issue in the case, and the Court therefore fails to see how defendants would be harmed by having to litigate purely state law claims in a state court.

Third, as noted above, the lawsuit has hardly progressed at all, and defendants have certainly incurred no expense in preparing for trial, other than evaluating the strength of plaintiffs' claims and their own defenses. Defendants' time and effort in that regard will be just as useful if this case is litigated in state court, especially considering that plaintiffs are bringing only state law claims.

Fourth, there will be no duplicative expense of relitigation since, to date, there has been essentially no litigation at all.

Fifth, plaintiffs' explanation for the need to dismiss is adequate. If plaintiffs were to amend the complaint to add non-diverse parties, the case would have to be dismissed without prejudice and then re-filed in state court. The more efficient way to proceed is for this case to be dismissed without prejudice to plaintiffs filing a new action in state court, naming all the relevant parties. Either way, defendants will be involved in a lawsuit with parties other than plaintiffs.

In short, defendants have not shown they will suffer prejudice, let alone substantial prejudice, if the case is voluntarily dismissed. If plaintiffs commence a new action in state court, defendants can assert whatever defenses they wish to assert, and the case will proceed in the regular course.

Finally, defendants' request that any dismissal be conditioned upon the payment by plaintiffs of defendants' "defense costs referable to the instant action" is denied as unwarranted. As noted above, if plaintiffs choose to file a new action against defendants in state court, defendants will not have to duplicate the legal work already done in this action because it will be usable in the new action. Likewise, they will not have to duplicate any discovery done to date because, in fact, no discovery has been done.

Plaintiffs' motion to voluntarily dismiss this action pursuant to Rule 41(a)(2) is GRANTED. The action is dismissed without prejudice.

The Clerk is instructed to terminate the pending motions (Docs. ##12, 21) and close this case.

Dated: November 9, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge